Haskins v Somrov (2019 NY Slip Op 06458)





Haskins v Somrov


2019 NY Slip Op 06458


Decided on September 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 10, 2019

Gische, J.P., Tom, Kapnick, Kern, Moulton, JJ.


9728 303536/15E

[*1]Michelle Haskins, Plaintiff-Respondent,
v
Serge Somrov, M.D., et al., Defendants-Appellants.


Kaufman Borgeest & Ryan LLP, Valhalla (Jacqueline Mandell of counsel), for Serge Somrov, M.D., appellant.
McAloon & Friedman, P.C., New York (Gina Bernardi Di Folco of counsel), for Bronx Lebanon Hospital Center, appellant.
Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for respondent.



Order, Supreme Court, Bronx County (Lewis J. Lubell, J.), entered on or about September 4, 2018, which, to the extent appealed from, denied both defendants' motions for summary judgment, unanimously affirmed, without costs.
Contrary to defendants' contentions, the opinions set forth by plaintiff's expert, Dr. Ira Mehlman, raised a triable issue of fact as to whether their acts or omissions caused plaintiff's injuries because those opinions were neither conclusory nor speculative (see Alvarez v Prospect Hosp., 68 NY2d 320, 324-325 [1986]). Although defendants argue that Dr. Mehlman failed to address certain opinions set forth by their experts, those opinions were conclusory or did not affect Dr. Mehlman's conclusion.
Bronx Lebanon has not established, under the circumstances of this case, that it had no duty as a matter of law to review plaintiff's chest X-ray (see Burtman v Brown, 97 AD3d 156, 161 [1st Dept 2012]). We decline to consider Bronx Lebanon's request that we dismiss plaintiff's claims against it that are based on vicarious liability for Dr. Somrov's acts because that relief was not requested from the motion court.
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 10, 2019
CLERK